IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02104-WYD-MJW

ROBERT VON ESSEN,

   Plaintiff,

v.

BRASE TRUCKING, LLC, an Idaho limited liability corporation,

   Defendant.

## ORDER REMANDING CASE

THIS MATTER is before the Court on Plaintiff's Motion for Order Remanding to State Court, filed November 17, 2006 (docket #11).  This is an action for breach of contract, negligence, and trespass related to the transport of an automobile purchased by Plaintiff.  Plaintiff initially filed this action in the District Court in Arapahoe County, Colorado on or about August 24, 2006.  According to the return of service completed by the Jerome County Sheriff's Department in Jerome, Idaho, Defendant was served with a copy of the Summons and Complaint in this case on September 18, 2006.  According to the Court's CM/ECF electronic case filing docket, Defendant filed its Notice of Removal in this Court on October 23, 2006, asserting federal question jurisdiction pursuant to 28 U.S.C. ¶ 1331(a) and 1441, *et seq*.  In the Notice of Removal Defendant contends Plaintiff's claims assert damage to goods transported in interstate commerce, and are governed by the Carmack Amendment, 49 U.S.C. § 14706.

On November 17, 2006, Plaintiff filed its motion to remand pursuant to 28 U.S.C.

§ 1477(c), asserting that Defendant's Notice of Removal is untimely and that this Court lacks subject matter jurisdiction over this case. Section 1446, 28. U.S.C. provides that the Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . whichever period is shorter."   28 U.S.C. § 1446.  The 30 day time limit is mandatory and a failure to comply with the requirement is a defect in removal which justifies remand of the case.  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999).

The Notice of Removal in this case states that it was filed "within thirty (30) days after Defendant was first made aware of this lawsuit and is thus timely filed." In response to the Motion to Remand, Defendant concedes that the return of service establishes that Defendant was served on September 18, 2006. However, Defendant maintains that it e-mailed the Notice of Removal to the Court on Thursday, October 19, 2006, in accordance with the 30-day deadline. However, the Notice of Removal was not docketed until Monday, October 23, 2006, because Defendant did not submit its filing fee until that date.  D.C.Colo.LCivR 3.3 provides:

> The clerk shall require payment of a filing fee before a civil action, suit, or proceeding is filed.  When a pleading is received for filing without the required fee, the clerk shall notify the filing party that the pleadings will be held and not accepted for filing until the required fee is received or an order allowing the party to proceed *in forma pauperis* is entered.  When the filing fee or order is received, the clerk shall file the pleading.

While this Court permits electronic case filing pursuant the standards and procedures set forth in a manual entitled "Electronic Case Filing Procedures for the District of

Colorado (Civil Cases)," I find that such procedures do not alter or obviate the duty of the clerk to collect a filing fee before a civil action is filed.  In this case, Defendant's Notice of Removal was properly filed on Monday, October 23, 2006, which is more than 30 days after service was effectuated.  Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Order Remanding to State Court, filed November 17, 2006 (docket #11) is **GRANTED**.  It is

FURTHER ORDERED that the Clerk of the Court shall **REMAND** this case to the District Court for the County of Arapahoe, State of Colorado.

Dated:  November 28, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge